UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| E. I. DUPONT DE NEMOURS AND COMPANY, § § § | |
| Plaintiff/Garnishor, § § | |
| v. § | CASE NO. 3:12-cv-351 |
| § | |
| KOLON GLOTECH U.S.A., CORP., § § | |
| Defendant/Garnishee. § | |

## APPLICATION FOR WRIT OF GARNISHMENT

TO THE HONORABLE COURT:

Plaintiff E. I. du Pont de Nemours and Company files this Application for Writ of Garnishment pursuant to Federal Rules of Civil Procedure 64 and 69, Texas Rule of Civil Procedure 658, and Texas Civil Practices & Remedies Code Chapter 63, and respectfully shows the Court as follows:

**I. PARTIES**

1. Plaintiff in Garnishment is E. I. duPont de Nemours and Company ("DuPont"), a Delaware corporation with its principal place of business in Wilmington, Delaware. DuPont is a judgment creditor of Kolon Industries, Inc. a/k/a Kolon Corporation ("Judgment Debtor").

2. Kolon Glotech U.S.A., Corp. ("Garnishee"), is a Texas corporation and may be served by delivering the writ to its registered agent, Roy Salome, 3800 Montana Avenue, El Paso, Texas 79903.

3. DuPont believes that Garnishee is indebted to Judgment Debtor because, upon information and belief, the Garnishee is a wholly owned subsidiary of the Judgment Debtor and periodically remits its earnings to the Judgment Debtor.

4. Judgment Debtor is Kolon Industries, Inc. a/k/a Kolon Corporation, a South Korean company which conducts business in the United States both directly and indirectly through its subsidiaries and affiliates. Upon issuance and service of the writ upon Garnishee, Judgment Debtor may be served at 10th Floor Kolon Tower, 1-23 Byeoryang-dong, Gwacheon-siGyeonggi-do, Republic of Korea, or through Judgment Debtor's attorney, Glenn D. Dassoff at Paul Hastings LLP, at 695 Town Center Drive, 17th Floor, Costa Mesa, California.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000, excluding interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Garnishee resides in this judicial district. Further, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III. ISSUANCE OF WRIT OF GARNISHMENT

7. On November 22, 2011, in the United States District Court for the Eastern District of Virginia, in Civil Action No. 3:09cv58, styled *E. I. duPont de Nemours and Company v. Kolon Industries, Inc.* (the "Litigation"), DuPont obtained a judgment against Kolon Industries, Inc. for the sum of $919,900,000.00 in compensatory damages, and the sum of $350,000.00 in punitive damages, for total damages of $920,250,000.00, with interest on the sum of $919,900,000.00 at .11% annually from September 14, 2011, until November 22, 2011, and interest on $920,250,000.00 at .11% annually from November 22, 2011, until paid in full (the "Judgment"). A true and correct copy of the Judgment is attached to the Affidavit of S. Nathan Park, attached hereto as Exhibit A, and incorporated herein by reference. *See* Park Aff.¶ 3, Ex. A-1.

8. The Judgment is valid and subsisting and remains unsatisfied.

9. On August 15, 2012, the Judgment was registered in the United States District Court for the Western District of Texas.

10. According to Judgment Debtor's post-judgment disclosures in the Litigation, Judgment Debtor does not possess property in Texas subject to execution sufficient to satisfy the Judgment. *See* Park Aff. ¶ 6.

11. This garnishment is not sought to injure or harass either the Judgment Debtor or the Garnishee. *See* Park Aff. ¶ 7.

12. DuPont has reason to believe, and does assert, that Garnishee is indebted to the Judgment Debtor by virtue of being its wholly-owned subsidiary which periodically remits its earnings to the Judgment Debtor. *See* Park Aff. ¶ 8.

13. Pursuant to Federal Rule of Civil Procedure 64 and 69, the remedies of the State of Texas are available for the seizure of property for the purpose of securing satisfaction of the Judgment. The applicable statutes and rules for issuance of a writ of garnishment under Texas law are set forth in Texas Civil Practices & Remedies Code §§ 63.001, *et seq*.

14. DuPont is entitled to the issuance of a writ of garnishment on the grounds stated above and in the attached affidavit of S. Nathan Park.

## PRAYER

WHEREFORE, DuPont respectfully asks that a Writ of Garnishment issue and be served upon said Garnishee and that DuPont have judgment against Garnishee to satisfy the Judgment against Judgment Debtor, as provided by law, together will costs of court incurred in this proceeding, and such other and further relief to which DuPont may be justly entitled.

Dated: August 30, 2012                    Respectfully submitted,

**DAVIS, CEDILLO & MENDOZA, INC.**

BY: /s/ Derick J. Rodgers
    Derick J. Rodgers
    Texas Bar No. 24002857
    Ryan J. Tucker
    Texas Bar No. 24033407
    McCombs Plaza, Suite 500
    755 East Mulberry Avenue
    San Antonio, Texas 78212
    (210) 822-6666 Telephone
    (210) 822-1151 Facsimile

**ATTORNEYS FOR GARNISHOR,
E. I. DU PONT DE NEMOURS AND
COMPANY**

13282.0027 DuPont-Kolon\Pleadings\Application for Writ of Garnishment (FINAL)

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| E. I. DUPONT DE NEMOURS AND COMPANY, | § § § § | |
| Plaintiff/Garnishor, | § § | |
| v. | § § | CASE NO. 3:12-cv-351 |
| KOLON GLOTECH U.S.A., CORP., | § § § | |
| Defendant/Garnishee. | § | |

### AFFIDAVIT OF S. NATHAN PARK IN SUPPORT OF APPLICATION FOR WRIT OF GARNISHMENT

DISTRICT OF COLUMBIA   §
                       §

BEFORE ME, the undersigned Notary Public, personally appeared S. Nathan Park, who, after being duly sworn, deposes and says:

1. "My name is S. Nathan Park. I am over the age of 18 years old, of sound mind and fully competent to make this Affidavit. I have personal knowledge of the facts stated herein and those facts are all true and correct.

2. I am associated with Kobre & Kim LLP, counsel for the plaintiff E. I. du Pont de Nemours and Company. I am authorized to make this affidavit in support of the Application for Writ of Garnishment on behalf of the E. I. du Pont de Nemours and Company.

3. On November 22, 2011, in the United States District Court for the Eastern District of Virginia, Richmond, Virginia, in Civil Action No. 3:09-cv-58, styled *E. I. duPont de Nemours and Company v. Kolon Industries, Inc.* (the "Litigation"), E. I. DuPont de Nemours and Company obtained a judgment against Kolon Industries, Inc. for the sum of $919,900,000.00 in compensatory damages, and the sum of $350,000.00 in punitive damages, for total damages of $920,250,000.00, with interest on the sum of $919,900,000.00 at .11% annually from September 14, 2011, until November 22, 2011, and interest on $920,250,000.00 at .11% annually from November 22, 2011, until paid in full (the "Judgment"). Attached hereto as Exhibit A-1 is a true and correct copy of the Judgment.

Exhibit A

4. The Judgment is valid and subsisting and remains unsatisfied.

5. Due to corporate restructuring during the pendency of the Litigation, Kolon Industries, Inc. is now known as Kolon Corporation (the "Judgment Debtor").

6. Based on Kolon Corporation's representations to DuPont in the Litigation, Kolon Corporation does not possess property in Texas subject to execution sufficient to satisfy the Judgment.

7. The garnishment sought by the E. I. du Pont de Nemours and Company is not to injure or harass either the Judgment Debtor or the Garnishee.

8. E. I. du Pont de Nemours and Company has reason to believe, and does believe, that Garnishee Kolon Glotech U.S.A., Corp. is indebted to Kolon Corporation because Garnishee is a wholly-owned subsidiary of Kolon Corporation and periodically remits its earnings to the Judgment Debtor."

Further, Affiant sayeth not.

SUBSCRIBED AND SWORN TO BEFORE ME on this 30th day of August, 2012.

Notary Public, District of Columbia.

Colette L. Morris
District of Columbia, Notary Public
My Commission Expires
April 14, 2017

2



NOV 2 2 2011

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

E.I. DUPONT DE NEMOURS AND COMPANY,

    Plaintiff,

v.                              Civil Action No. 3:09cv58

KOLON INDUSTRIES, INC.,

    Defendant.

**FINAL JUDGMENT ON COUNT ONE**

The Jury having returned a verdict on September 14, 2011, finding in favor of the Plaintiff, E.I. DuPont de Nemours and Company, and against the Defendant, Kolon Industries, Inc., as to Count One, alleging misappropriation of trade secrets pursuant to the Virginia Uniform Trade Secrets Act, and the Jury having awarded damages to the Plaintiff, E.I. DuPont de Nemours and Company, and against the Defendant, Kolon Industries, Inc., in the amount of NINE HUNDRED NINETEEN MILLION, NINE HUNDRED THOUSAND AND NO/100 DOLLARS ($919,900,000.00), and the Court, for reasons to be set out in a Memorandum Opinion filed this date, having decided to grant the Plaintiff's motion for imposition of punitive damages in the amount of THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($350,000.00), and it being appropriate to enter final judgment in this matter, FINAL JUDGMENT is hereby entered in favor of the Plaintiff, E.I.

A TRUE COPY, TESTE:
CLERK, U.S. DISTRICT COURT

BY _CMcCracken_
      DEPUTY CLERK

Exhibit A-1

DuPont de Nemours and Company, and against the Defendant, Kolon Industries, Inc., in the sum of NINE HUNDRED NINETEEN MILLION, NINE HUNDRED THOUSAND AND NO/100 DOLLARS ($919,900,000.00) in compensatory damages, and the sum of THREE HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($350,000.00) in punitive damages, for total damages in the sum of NINE HUNDRED TWENTY MILLION, TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($920,250,000.00), with interest on the sum of NINE HUNDRED NINETEEN MILLION, NINE HUNDRED THOUSAND AND NO/100 DOLLARS ($919,900,000.00) at 0.11% annually from September 14, 2011 until November 22, 2011 and interest on NINE HUNDRED TWENTY MILLION, TWO HUNDRED FIFTY THOUSAND AND NO/100 DOLLARS ($920,250,000.00) at 0.11% annually from November 22, 2011 until paid in full.

It is SO ORDERED.

/s/   *REP*
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: November 22, 2011