IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| E.I. DUPONT DE NEMOURS AND COMPANY, | § § § § § § § § | |
| v. | | EP-12-CV-351-FM |
| KOLON GLOTECH U.S.A., CORP., | | |
| Defendant. | | |

## ORDER GRANTING APPLICATION FOR WRIT OF GARNISHMENT

On this day, the court considered Plaintiff/Garnishor E.I. du Pont de Nemours and Company's ("Garnishor") "Application for Writ of Garnishment" ("Application") [ECF No. 1]. After due consideration, the court grants the Application.

Garnishor is the owner and holder of a judgment ("Judgment") against Kolon Industries, Inc., a/k/a Kolon Corporation ("Judgment Debtor") entered in the Richmond Division of the United States District Court for the Eastern District of Virginia on November 22, 2011, in a case styled *E.I. duPont de Nemours and Company v. Kolon Industries, Inc.*, Civil Action No. 3:09cv58 (the "underlying case").[1] Counsel for Garnishor explains that due to corporate restructuring during the pendency of the aforementioned litigation, Kolon Industries, Inc. became known as Kolon Corporation.[2] The judgment is in favor of E.I. du Pont de Nemours and Company and against Judgment Debtor for the sum of $919,900,000.00 in compensatory damages, and the sum of $350,000.00 in punitive damages, for total damages of

---

[1] *See* "Application for Writ of Garnishment," Exhibit A-1 ("Final Judgment on Count One") [ECF No. 1].

[2] *See* "Application for Writ of Garnishment," Exhibit A ("Affidavit of S. Nathan Park in Support of Application for Writ of Garnishment") ¶5 [ECF No. 1].

$920,250,000.00, with interest on the sum of $919,900,000.00 at 0.11% annually from September 14, 2011 until November 22, 2011, and interest on $920,250,000.00 at 0.11% annually from November 22, 2011 until paid in full.[3]

Garnishor filed an application for writ of garnishment seeking to collect on this judgment.[4] In its Application, Garnishor alleges that Kolon Glotech U.S.A., Corp. ("Garnishee"), is indebted to Judgment Debtor and as a wholly owned subsidiary of the Judgment Debtor periodically remits its earnings to the Judgment Debtor.[5] Garnishor's application is supported by the Affidavit of S. Nathan Park ("Park"), who is associated with Kobre & Kim LLP, counsel for Garnishor.[6] Park asserts the Judgment is valid, subsisting, and remains unsatisfied.[7] Park avers that all facts stated in his affidavit are based on his personal knowledge.[8] Further, Garnishor explains that the Judgment was registered in the United States District Court for the Western District of Texas on August, 15, 2012.[9]

After considering the pleadings, the court concludes that Garnishor is entitled to a Writ of

---

[3] *See* "Application for Writ of Garnishment," Exhibit A-1 ("Final Judgment on Count One") [ECF No. 1].

[4] *See* "Application for Writ of Garnishment," [ECF No. 1].

[5] *See* "Application for Writ of Garnishment," ¶3 [ECF No. 1]; *See* "Application for Writ of Garnishment," Exhibit A ("Affidavit of S. Nathan Park in Support of Application for Writ of Garnishment") ¶8 [ECF No. 1].

[6] *See* "Application for Writ of Garnishment," Exhibit A ("Affidavit of S. Nathan Park in Support of Application for Writ of Garnishment") ¶2 [ECF No. 1].

[7] *See* "Application for Writ of Garnishment," ¶8 [ECF No. 1]; *See* "Application for Writ of Garnishment," Exhibit A ("Affidavit of S. Nathan Park in Support of Application for Writ of Garnishment") ¶4 [ECF No. 1].

[8] *See* "Application for Writ of Garnishment," Exhibit A ("Affidavit of S. Nathan Park in Support of Application for Writ of Garnishment") ¶1 [ECF No. 1].

[9] *See* "Application for Writ of Garnishment," ¶9 [ECF No. 1];

Garnishment as requested. Within Garnishor's knowledge, Judgment Debtor does not possess property in Texas subject to execution that is sufficient to satisfy the Judgment.[10]

The court therefore concludes that E.I. du Pont de Nemours and Company's Application meets the requirement for writ of garnishment under Texas law and Federal Rule of Civil Procedure 69.[11]

Accordingly, the court **ORDERS** as follows:

(1) That Garnishor's "Application for Writ of Garnishment" [ECF No. 1] is **GRANTED**.

(2) That the Clerk of the Court **SHALL ISSUE** the attached Writ of Garnishment that commands Kolon Glotech U.S.A., Corp., which may be served with process by serving its registered agent, Roy Salome, located at 3800 Montana Avenue, El Paso, Texas 79903, as Garnishee, to appear as required by law and answer under oath what property the Garnishee has of Kolon Industries, Inc., a/k/a Kolon Corporation, where that property was when the writ was served, and what other persons, if any, within Garnishee's knowledge, have effects of the Judgment Debtor;

(3) That the maximum value of property or indebtedness that may be garnished not exceed the amounts awarded in the Judgment; and

(4) That upon service of the Writ of Garnishment on Garnishnee, Garnishor must **SERVE** notice of the garnishment of Judgment Debtor Kolon Industries, Inc., a/k/a Kolon

---

[10] *See* "Application for Writ of Garnishment," ¶10 [ECF No. 1]; *See* "Application for Writ of Garnishment," Exhibit A ("Affidavit of S. Nathan Park in Support of Application for Writ of Garnishment") ¶6 [ECF No. 1].

[11] *See* Fed. R. P. Civ. 69; *see also Jamison v. Nat'l Loan Investors, L.P.*, 4 S.W.3d 465, 468 (Tex.App.–Houston [1st Dist.] 1999) (quoting Tex. Civ. Prac. & Rem. Code § 63.001(3)) (stating a writ is available if "a plaintiff has a valid, subsisting judgment and makes an affidavit stating that, within the plaintiff's knowledge, the defendant does not possess property in Texas subject to execution sufficient to satisfy the judgment").

Corporation by serving its registered agent at 10th Floor Kolon Tower, 1-23 Byeoryang-dong, GwacheonsiGyeonggi-do, Republic of Korea, or by serving Judgment Debtor's attorney, Glenn D. Dassoff at Paul Hastings LLP, at 695 Town Center Drive, 17th Floor, Costa Mesa, California. Such service shall be made pursuant to applicable law. Garnishor **SHALL FILE** a certificate of such service with the court not later than three days after such service is made.

**SO ORDERED**

**SIGNED** this **21th** day of **September, 2012.**

*[signature]*
FRANK MONTALVO
UNITED STATES DISTRICT JUDGE